STATE, RESPONDENT, *v.* LINEBARGER, APPELLANT.

[Submitted May 17, 1892.    Decided May 31, 1892.]

CRIMINAL LAW—*Qualifications of jurors—Harmless error.*—The excusal by the court of certain jurors in a criminal case, under an erroneous construction of the statute prescribing their qualifications, is an irregularity which is cured by a recall of the jurors excused, who stated that they had talked with no one during their absence from the court room, and the offer to defendant of the full number of peremptory challenges in addition to those already exercised; the court having discovered the error and revoked the ruling before it had been reduced to writing and recorded by the clerk.

*Appeal from Tenth Judicial District, Fergus County.*

Conviction for an assault with intent to commit murder. The defendant was tried before DU BOSE, J.    Affirmed.

*Toole & Wallace,* for Appellant.

A failure to follow the statutory provisions as to the selection, impaneling and swearing of jurors is fatal. (Rapalje on Criminal Procedure, § 210; 1 Tex. App. 468; *State* v. *Rollins,* 22 N. H. 528; *Harriman* v. *State,* 2 Greene, 270.) Many courts have gone so far as to hold that the power to excuse a juror is inherent in a court; that no reason need be assigned, and that error cannot be predicated upon such an act. (12 Am. & Eng. Encycl. of Law, p. 361.) This right in the court to arbitrarily excuse a juror is expressly recognized by section 15 of the Act of March 14, 1889 (16th Sess. p. 168), which provides, "the person so drawn and summoned, and not excused by the court, shall constitute the panel of petit jurors for such term." The effect of a discharge is clearly to sever the relation of the juror to the court. (*Posey* v. *State,* 73 Ala. 490; 12 Am. & Eng. Encycl. of Law, p. 337, note 1.) This is the unavoidable inference of the section, last above quoted, as the panel

constitutes all those drawn and summoned and not excused, hence a person, though regularly drawn and summoned, if excused by the court does not constitute a member of the panel. Being then no longer a member of the panel and having become a person within the body of the county, there was but one method by which the persons excused could be again made jurors, that is by the statutory method as pointed out in section 15. (*Dupont* v. *McAdow*, 6 Mont. 231; *Lincoln* v. *Stowell*, 73 Ill. 248; *Clinton* v. *Englebrecht*, 13 Wall. 441; *Daniel* v. *Bridges*, 73 Tex. 149–153; *Hildreth* v. *City of Troy*, 101 N. Y. 234; 54 Am. Rep. 687–690; *Hall* v. *Commonw.* 80 Va. 555.) A juror discharged on challenge cannot by a withdrawal of the challenge be brought back and examined, and this even where the discharge is merely from the jury-box. (1 Thompson on Trial, § 193.)

*Henri J. Haskell*, Attorney-General, and *Frank E. Smith*, for the State, Respondent.

A wide discretion is allowed the court in organizing the jury, and its rulings will not be revised unless the excepting party shall show that he had been prejudiced, or the statutes infringed. (*Quinn's Adm'rs* v. *Halbert*, 57 Vt. 181.) The provisions of the statute for the preparation of the jury list are generally held to be directory only, and not mandatory. (*State* v. *Haywood*, 73 N. C. 439; *State* v. *Breen*, 59 Mo. 415; *Green Durrah* v. *State*, 44 Miss. 789.) In general, the provisions of the statutes in regard to the mode of obtaining juries are directory, and a substantial compliance with the requirements of the law is sufficient. (*State* v. *Carney*, 20 Iowa, 84; *McCrory* v. *Anderson*, 103 Ind. 15; *People* v. *Williams*, 24 Mich. 161; 9 Am. Rep. 119.) The record shows that the defendant had not exhausted his peremptory challenges, and further that the court offered to allow the defendant six additional peremptory challenges, which was refused by the defendant. Where a jury has been obtained before the defendant has exhausted his peremptory challenges it must be conclusively presumed that a fair and impartial jury had been obtained. (*State* v. *Jones*, 97 N. C. 469; *Territory* v. *Roberts*, 9 Mont. 12.) The record in this case fails to disclose that these men who were recalled composed a part of the trial

jury on the trial of said cause. If the record fails to show this fact, the error complained of by defendant is not apparent. (*Territory* v. *Campbell*, 9 Mont. 16.) The principle laid down in *Territory* v. *Harding*, 6 Mont. 324, and *Territory* v. *Clayton*, 8 Mont. 1, sustains the position taken by the State that the recalling of the jurors by the court was not error.

BLAKE, C. J.—The appellant was convicted of the crime of an assault with intent to commit murder. The evidence is not contained in the transcript, and the authorities cited by the appellant are restricted to the action of the court below in impaneling the jury. The bill of exceptions is obscure respecting the proceedings, and we have been embarrassed in preparing a statement of the facts. This cause came on for hearing, and a jury was called, and it appears there was a panel of trial jurors for the term. During the examination of the jurors as to their qualifications to try this case, the court excused upon its own motion a number of them, upon the ground that they did not pay taxes upon real estate.

We will quote at length from the bill of exceptions: "And thereafter, in the further examination of the members of said jury as to their qualifications, the following proceedings transpired: One of the jurors sitting in the box addressed the court, and said: 'Do I understand that a man must be a tax-payer upon real property to be a tax-payer?' To which inquiry the court replied in the affirmative, and thereupon the juror, Mr. Smith, stating that he was not a tax-payer on real estate in this State, the court said to the juror, 'You are excused because you are not a tax-payer.' And thereupon, other jurors stating that they were not real estate tax-payers, the court also excused for this reason from the box where they were being examined the following named jurors; . . . . and thereafter, the State at this point having entirely exhausted its challenges, and the defendant having also exhausted five of the six challenges allowed him by law, and having but one challenge remaining at the time the said jurors were so excused, the court, after adjournment, directed the sheriff to bring into court the said jurors last named, so excused from the panel and jury-box; . . . . and thereupon the court ordered four, and but four, of the said

jurors, to wit, Messrs. Parrott, Slayton, Carlisle, and Fisher, back into the jury-box, to which ruling of the court the defendant objected, for the reason that the jurors were excused without being cautioned not to speak concerning the case; and, second, for that the jurors having been excused from the panel, they were no longer jurors, and could not be used as such, or recalled by the court as members of that panel; and, upon the court's overruling the said objection, the defendant then and there and at the time duly excepted, and thereupon the court extended to the defendant the privilege of re-examining for cause all the jurors recalled, to wit, Mr. Carlisle, Mr. Slayton, Mr. Parrott, and Mr. Fisher. The defendant refused to exercise this privilege, whereupon the court asked each of the jurors the following question: 'While you were out this morning, did you talk with any one about this case?' to which each replied, 'No;' and thereupon the court offered to allow defendant six additional peremptory challenges, the prosecution waiving all further peremptory challenges over the three by them already exhausted; and thereupon three additional jurors were called into the jury-box to be examined as jurors and sit as jurors in the case; whereupon the defendant refused to axamine them as to cause, or to have anything further to do with the selection of the jury as it was then constituted, and thereupon objected to the whole jury and the entire panel as being irregular and unlawfully selected, which objection was by the court overruled, and the defendant then and there and at the time duly excepted. And thereupon the defendant refused to exercise any further challenges to the jury so constituted, and against the objection of the defendant the jury was sworn to try the case."

The court, in the first instance, gave an erroneous construction of the statute in defining the term requiring a juror to be a tax-payer. At the same sitting the error was discovered, and the ruling was revoked before it had been reduced to writing, and recorded by the clerk in the minutes. Courts may sometimes misunderstand the answers of jurors during the examination, and the questions which are propounded by counsel may not be comprehended. Under similar circumstances, the judge may commit an error, which would be readily corrected if his attention was directed to the matter, and a re-examina-

tion be had. It will be observed that the attorney for appellant did not state the law, or make any objection to the action of the court in discharging said jurors from the consideration of the case. They had been excused through inadvertence, and the proceeding, in our judgment, was an irregularity which was cured by the subsequent conduct of the court, and did not vitiate the verdict. The appellant did not exhaust his peremptory challenges, and was tried by a fair and impartial jury. We think the claim of appellant that the law regulating the impaneling of the jury was disregarded is unfounded.

It is ordered that the judgment be affirmed, and that the same be executed in the manner prescribed by the court below.

*Affirmed.*

HARWOOD, J., and DE WITT, J., concur.